IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Stephen J. Green,                    )
                                     )
                Plaintiff,           )
                                     )         Civil Action No. 2:22-cv-2552-BHH
v.                                   )
                                     )              **ORDER**
Brian Sterling, Charles Williams,    )
John Palmer, Amy Enloe, Natasha      )
Harper, Mr. Martin, Ms. Boyd,        )
Ms. Wyantt, D. Lee,                  )
                                     )
                Defendants.          )
_____ )

This matter is before the Court upon Plaintiff Stephen J. Green's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983 and the South Carolina Constitution. On August 3, 2022, Defendants removed the action to this Court, and on August 29, 2022, Plaintiff filed a motion to remand. The matter was referred to a United States Magistrate Judge for preliminary determinations in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d) (D.S.C.).

On September 26, 2022, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("Report"), outlining the issues and recommending that the Court deny Plaintiff's motion to remand because the complaint alleges constitutional violations under § 1983, giving this Court jurisdiction pursuant to 28 U.S.C. § 1331. Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no party has filed objections to the Report, the Court has reviewed the record, the applicable law, and the findings and recommendations of the Magistrate Judge for clear error. After review, the Court finds no clear error and agrees with the Magistrate Judge that this Court has jurisdiction in accordance with 28 U.S.C. § 1331. Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 24) and denies Plaintiff's motion to remand (ECF No. 15).

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

December 5, 2022
Charleston, South Carolina

2